UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ALISON CAMM, NICOLE FLICK, NORMA CISNEROS, and KRYSTAL FORBES,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**REACH FINANCIAL, LLC**,<br><br>Defendant. | Case No. 1:25-cv-01921-KPF |

**DEFENDANT REACH FINANCIAL, LLC'S**
**ANSWER TO AMENDED CLASS ACTION COMPLAINT**

In accordance with Federal Rule of Civil Procedure 8(b)–(c), Defendant Reach Financial, LLC ("Reach") submits this as its answer and affirmative defenses to Plaintiffs Alison Camm, Nicole Flick, Norma Cisneros, and Krystal Forbes's (collectively, "Plaintiffs") Amended Class Action Complaint ("Amended Complaint").

Unless expressly admitted below, Reach denies the allegations in the Amended Complaint and denies that Plaintiffs or the putative class is entitled to any judgment or other relief whether or not expressly requested. Reach further denies that this case is suitable for class certification, including because the putative class does not meet the requirements of Federal Rule of Civil Procedure 23. Plaintiffs are not an adequate representative of any purported class; their claims are not typical; common questions of law or fact affecting the individual members of the putative class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.

## I. INTRODUCTION

1. Paragraph 1 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. Reach admits only that it provides debt consolidation and credit card refinancing solutions. The remaining allegations in Paragraph 2 do not relate specifically to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. Denied.

4. Paragraph 4 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5. Reach admits only that Google developed Google Analytics, Google AdSense, and Google Tag Manager. The remaining allegations in Paragraph 5 do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6. Paragraph 6 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. Paragraph 7 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach specifically denies that it "ch[ose] to participate in Google's mass surveillance network and, in turn, benefit[ed] from Google's collection of user data at the expense of their customers' privacy." Reach lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies them.

8. Reach admits only that, like most websites, www.reach.com (the "Website") uses some Google-developed technologies. Reach denies the remaining allegations in Paragraph 8.

9. Reach admits only that: (1) it is a financial services company that offers personal loans; and (2) information reflected on its Website and referenced in Paragraph 9, to the extent correctly quoted, is accurate. Reach denies the remaining allegations in Paragraph 9, including to the extent the allegations mischaracterize or take out of context the quoted or referenced material from the Website.

10. Reach admits only that the Website offers one potential way for users to provide information concerning and receive information about Reach's personal loan offerings and may, depending on the circumstances and conditioned upon the user agreeing to the terms of the Website's Privacy Policy and Terms of Service, enable a user to submit a pre-qualification request for credit and identity verification. Reach lacks knowledge or information sufficient to form a belief as to the truth of any allegations concerning Plaintiffs' or putative class members' visit(s) the Website and therefore denies them. Reach specifically denies that the Website is configured to disclose any Plaintiff's or putative class member's "personal Sensitive Information" without consent.

11. Denied.

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Reach admits only that Plaintiffs have filed the above-captioned lawsuit on behalf of themselves and a class. Reach denies the remaining allegations in Paragraph 12, including to the extent they are inconsistent with the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29).

## II. PARTIES

***Plaintiff Alison Camm***

13. Paragraph 13 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.[1]

15. Reach denies that the Website is configured to "contemporaneously transmit[] to Google the Sensitive Information that was communicated to and from" any Plaintiff or putative class member. Reach lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Denied.

17. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

[1] Reach needs additional information to verify the identity of and match records associated with any named Plaintiff before it can admit or deny Plaintiff-specific allegations in the Amended Complaint.

18. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

***Plaintiff Nicole Flick***

19. Paragraph 19 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. Reach denies that the Website is configured to "contemporaneously transmit[] to Google the Sensitive Information that was communicated to and from" any Plaintiff or putative class member. Reach lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21.

22. Denied.

23. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

***Plaintiff Norma Cisneros***

25. Paragraph 25 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27. Reach denies that the Website is configured to "contemporaneously transmit[] to Google the Sensitive Information that was communicated to and from" any Plaintiff or putative class member. Reach lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28. Denied.

29. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

***Plaintiff Krystal Forbes***

31. Paragraph 31 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. Reach denies that the Website is configured to "contemporaneously transmit[] to Google the Sensitive Information that was communicated to and from" any Plaintiff or putative class member. Reach lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

34. Denied.

35. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36. Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

***Defendant Reach Financial***

37. Reach admits only that it is a limited liability company formed in Delaware and its principal place of business is located at 180 Maiden Lane, Suite 2801, New York, NY 10038. Reach denies the remaining allegations in Paragraph 37.

## III. JURISDICTION AND VENUE

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is deemed required, Reach admits only that jurisdiction is proper in this Court under CAFA.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is deemed required, Reach admits only that jurisdiction is proper under CAFA.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is deemed required, Reach admits only that it is headquartered in New York and that the Court has personal jurisdiction. Reach denies the remaining allegations in Paragraph 40.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is deemed required, Reach admits only that it has contacts in the State of New York and that this Court has personal jurisdiction over Reach in this case. Reach denies the remaining allegations in Paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is deemed required, Reach does not contest venue.

## IV. FACTUAL ALLEGATIONS

43. Paragraph 43 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.[2]

44. Paragraph 44 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnotes.

45. Paragraph 45 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

46. Paragraph 46 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

[2] Footnotes and headings in the Amended Complaint are not "factual" allegations that require a response. Headings are provided solely for context. Reach denies any allegations or citations in the footnotes, including to the extent they misquote, mischaracterize, or take out of context the cited source.

47. To the extent the allegations in Paragraph 47 relate to Reach, denied. The remaining allegations in Paragraph 47 do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

48. Paragraph 48 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnotes.

49. Paragraph 49 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source(s) cited in the footnote.

50. Paragraph 50 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnotes.

51. Paragraph 51 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

51 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

52. Paragraph 52 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

53. To the extent the allegations in Paragraph 53 relate to Reach, denied. The remaining allegations in Paragraph 53 do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

54. Reach admits only that it has used or uses Google Analytics, Google AdSense, and Google Tag Manager on its Website. Reach denies the remaining allegations in Paragraph 54.

55. Paragraph 55 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

56. Paragraph 56 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

56 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

57. Paragraph 57 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

58. Paragraph 58 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

59. Paragraph 59 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach admits only that generally speaking, web browsers allow users to navigate the internet and view and exchange electronic information and communications and that users can use devices (such as a computer, tablet, or smartphone) to access web content through a web browser (e.g., Chrome, Safari, Edge, etc.) and denies the remaining allegations in Paragraph 59.

60. Paragraph 60 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61. Paragraph 61 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnotes.

62. Paragraph 62 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnotes.

63. Paragraph 63 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

64. Paragraph 64 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

65. Paragraph 65 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66. Paragraph 66 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

66 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnote.

67. Paragraph 67 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

68. Paragraph 68 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

69. Paragraph 69 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnotes.

70. Reach admits only that users may apply for Reach's personal loan products on its Website. Reach denies the remaining allegations in Paragraph 70.

71. Denied.

72. Reach lacks knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Figure 1 and what it purports to show and therefore denies any allegations regarding the same.

73. Reach lacks knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Figure 1 and what it purports to show and therefore

denies any allegations regarding the same. Reach denies the remaining allegations in Paragraph 73.

74. Reach admits only that customers may receive prequalification information shortly after submitting a form on the Website. Reach lacks knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Figure 2 and what it purports to show and therefore denies any allegations regarding the same. Reach denies the remaining allegations in Paragraph 74.

75. Reach denies that it has purposely configured any Google technologies used on its Website to collect and transmit to Google any personally identifiable or sensitive user data without user consent. Reach lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnotes.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Paragraph 81 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

82. Denied.

83. Denied.

84. Paragraph 84 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the source cited in the footnote.

85. Paragraph 85 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them.

86. Paragraph 86 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies them.

87. Denied.

88. Denied.

89. Paragraph 89 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies them.

90. Paragraph 90 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

91. Paragraph 91 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them. Reach denies the allegations to the extent that they misquote, mischaracterize, or take out of context the sources cited in the footnotes.

92. Paragraph 92 contains allegations that do not relate to Reach, and therefore no response is required. However, if and to the extent a response is deemed required, Reach lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies them.

## V. TOLLING AND ESTOPPEL

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## VI. CLASS ALLEGATIONS

101. Paragraph 101 states a legal conclusion to which no response is required. To the extent a response is required, Reach admits only that Plaintiffs bring this lawsuit on behalf of themselves and a class. Reach denies the remaining allegations in Paragraph 101.

102. Paragraph 102 states a legal conclusion to which no response is required. To the extent a response is required, Reach admits only that Plaintiffs bring this lawsuit on behalf of themselves and a class. Reach denies the remaining allegations in Paragraph 102, including to the extent they are inconsistent with the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29).

103. Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, Reach admits only that Plaintiffs bring this lawsuit on behalf of themselves and a class. Reach denies the remaining allegations in Paragraph 103, including to the extent they are inconsistent with the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29).

104. Paragraph 104 states a legal conclusion to which no response is required. To the extent a response is required, denied.

105. Denied.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, denied.

107. Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, denied.

108. Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, denied.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, denied.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, denied.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, denied.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, denied.

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, denied.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT I**
**NEGLIGENCE**
***(On Behalf of Plaintiffs and the Class or, alternatively, the Illinois Subclass)***

115. Reach incorporates its responses to Paragraphs 1 through 114 as if set forth at length herein.

116. Denied. Pursuant to the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29), Plaintiffs' Count I for Negligence has been dismissed with prejudice as to claims asserted under California and Missouri law.

117. Denied. Pursuant to the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29), Plaintiffs' Count I for Negligence has been dismissed with prejudice as to claims asserted under California and Missouri law.

118. Denied. Pursuant to the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29), Plaintiffs' Count I for Negligence has been dismissed with prejudice as to claims asserted under California and Missouri law.

119. Denied. Pursuant to the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29), Plaintiffs' Count I for Negligence has been dismissed with prejudice as to claims asserted under California and Missouri law.

120. Denied. Pursuant to the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29), Plaintiffs' Count I for Negligence has been dismissed with prejudice as to claims asserted under California and Missouri law.

121. Denied. Pursuant to the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29), Plaintiffs' Count I for Negligence has been dismissed with prejudice as to claims asserted under California and Missouri law.

122. Denied. Pursuant to the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29), Plaintiffs' Count I for Negligence has been dismissed with prejudice as to claims asserted under California and Missouri law.

123. Denied. Pursuant to the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29), Plaintiffs' Count I for Negligence has been dismissed with prejudice as to claims asserted under California and Missouri law.

## COUNT II
## VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA")
## Cal. Pen. Code § 630, et seq.
***(On Behalf of Plaintiffs Camm and Flick, and the California Subclass)***

124. Reach incorporates its responses to Paragraphs 1 through 123 as if set forth at length herein.

125. Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is required, denied.

126. Paragraph 126 contains legal conclusions to which no response is required. To the extent a response is required, denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, denied.

132. Denied.

133. Denied.

134. Denied.

## PRAYER FOR RELIEF

Reach denies that Plaintiffs or any putative class member is entitled to any of the relief requested in the Prayer for Relief section.

## REACH'S AFFIRMATIVE DEFENSES

Reach has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Reach's knowledge, information, and belief at this time. By asserting the defenses herein, Reach has not knowingly and intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time. Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, Reach asserts the following separate and additional defenses on information and belief:

### First Affirmative Defense
### (Dismissal Order)

The claims and allegations in the Amended Complaint are barred or rendered moot, in part, by the Court's Order and Opinion on Reach's Motion to Dismiss (Dkt. 29).

**Second Affirmative Defense**
**(Lack of Legally Protected Privacy Interest)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because Plaintiffs and putative class members do not maintain a legally protected privacy interest over any data allegedly collected. When Plaintiffs signed up for a Google account, they agreed to Google's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including those on the Website) described Google's use of tracking technologies on other websites. Further, Plaintiffs have had access to Google's account activity controls, which allow Google users to view and manage information about their activity. Plaintiffs were on notice of Google's alleged receipt of certain website data and could have, but chose not to, limit Google's receipt of their data. Moreover, the information relating to the Plaintiffs that was purportedly shared with Google was publicly available or otherwise nonprivate information, not private "personal information" or personally identifiable information.

**Third Affirmative Defense**
**(Consent, Express or Implied; Implied License)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the doctrines of consent and/or ratification because Plaintiffs and putative class members manifested agreement and consent through words and/or conduct to the sharing and/or use of their personal information as alleged in the Amended Complaint. Plaintiffs who have Google accounts agreed to Google's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including those on the Website) described Google's use of tracking technologies on other websites. Plaintiffs and putative class members consented to Google's receipt of the information Google allegedly received about them from the Website, including (but not limited to) to the extent they viewed the aforementioned disclosures and continued to use Google's and/or Reach's services. Additionally, Plaintiffs' and class members'

agreement to the terms of use of other technologies, services, and platforms consented to and/or created an implied license for the alleged information sharing alleged in the Amended Complaint. Further, the Website's publicly-available privacy policy, which was accessible to all Website visitors, disclosed Reach's use of cookies and third-party analytics and advertising services, and Plaintiffs' continued use of the Website after such disclosure constitutes consent.

**Fourth Affirmative Defense**
**(Barred by Contract)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by contracts and/or agreements between Plaintiffs (or putative class members) and Reach and/or the third-party developers of the tracking technologies used on the Website.

**Fifth Affirmative Defense**
**(No Derivative Liability for Aiding Violation)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because Reach has neither conspired to obtain nor aided any third parties in unlawfully obtaining Plaintiffs' information.

**Sixth Affirmative Defense**
**(Party to Communications)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because Reach was a party to any and all communications Reach allegedly received, and therefore no actionable interception occurred. A party cannot be held liable for "wiretapping" or "eavesdropping" on its own communications. To the extent a third party received Plaintiffs' communications, they were acting as Reach's vendor or agent providing services on Reach's behalf rather than as an independent eavesdropper. Such third parties functioned as mere extensions of Reach for the purpose of operating and optimizing the Website and are not "third parties" under applicable law. Reach used Google's technologies to assist with website analytics

and performance optimization, and Google acted solely as Reach's service provider in connection with any data allegedly transmitted.

**Seventh Affirmative Defense**
**(Good Faith)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because at all times Reach acted in good faith and in compliance with any applicable statutes and/or regulations.

**Eighth Affirmative Defense**
**(Mistake; Lack of Requisite Knowledge or Intent)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because Reach reasonably relied on facts and if those facts are later proven to be false and/or result from bona fide error, Reach lacked the knowledge or intent required to be held liable for any alleged violation or intrusion upon Plaintiffs' privacy rights.

**Ninth Affirmative Defense**
**(Assumption of Risk)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by assumption of risk arising from Plaintiffs' voluntary use of internet-based services, including the Website, and/or their knowledge of Internet tracking practices. Plaintiffs knowingly and voluntarily used the Internet and visited the Website, with full knowledge that websites commonly use cookies and similar tracking technologies. The use of cookies and analytics tools on websites is ubiquitous and widely known, and Plaintiffs assumed the risk of any alleged privacy invasion by choosing to browse the Internet. Further, Plaintiffs could have taken readily available steps to limit tracking, including using private browsing modes, cookie-blocking software, or adjusting their browser settings, but chose not to do so.

**Tenth Affirmative Defense**
**(Release)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by release, including to the extent Plaintiffs impliedly released such claims by continuing to use Reach's services after learning of the alleged conduct.

**Eleventh Affirmative Defense**
**(Failure to Mitigate)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, to the extent discovery reveals that Plaintiffs and/or class members failed to mitigate their damages. For example, to the extent Plaintiffs and putative class members had notice regarding the information any third party allegedly received about them, they are barred, in whole or in part, from recovering damages.

Plaintiffs and putative class members also are barred, in whole or in part, from recovering damages based on the alleged disclosure of information that they publicized through other channels, such as social media.

Plaintiffs and putative class members also are barred, in whole or in part, from recovering damages to the extent they did not attempt to use settings that would limit the data shared with the Website and/or third parties.

Plaintiffs and putative class members also are barred, in whole or in part, from recovering damages to the extent they failed to read disclosures that would have put them on notice of Reach's use of data as disclosed in Reach's terms and policies.

**Twelfth Affirmative Defense**
**(Acts or Omissions of Plaintiffs and/or Third Parties)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because the Plaintiffs' alleged damages, if any, were caused by persons and entities other than

Reach. Such intervening and superseding conduct of others bars and/or diminishes Plaintiffs' recovery. Any alleged harm to Plaintiffs and putative class members was proximately caused by subsequent and intervening or superseding acts of Plaintiffs or the putative class members and/or of third parties. Reach did not share individually identifiable information with third parties and therefore any violation of Plaintiffs' privacy rights was caused by the actions of third parties, not Reach. Additionally, any actions taken by third parties with respect to cookies or data collection were within the third parties' sole control and discretion, not Reach's. To the extent Plaintiffs previously visited other websites that used Google Analytics or similar tracking technologies, Plaintiffs' information would have, under Plaintiffs' theory, already been in Google's possession.

**Thirteenth Affirmative Defense**
**(Lack of Proximate Cause)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because Reach's conduct was not the proximate cause of any damage or injury alleged to have been suffered by Plaintiffs.

**Fourteenth Affirmative Defense**
**(Lack of Damages)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because Plaintiffs and the putative class have suffered no actual injury or legally cognizable damages and their purported damages, if any, are speculative and/or uncertain and therefore not compensable. Plaintiffs have not alleged any concrete and particularized injury, such as identity theft, financial loss, or other tangible harm, resulting from the alleged conduct. The mere transmission of allegedly non-consented-to cookies does not constitute cognizable injury. Additionally, to the extent Plaintiffs claim injury based on the alleged value of their personal information, such claims are speculative and unquantifiable. Plaintiffs have not identified any actual misuse of their information or any economic harm traceable to the alleged conduct.

**Fifteenth Affirmative Defense**
**(Statute of Limitations)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the statute of limitations under applicable law. The statute of limitations for Plaintiffs' claims under the California Invasion of Privacy Act is one year. The limitations period began to run when Plaintiffs and class members had actual or inquiry notice of a potential privacy violation, including, for example, when they began seeing targeted advertisements or when they reviewed information about their online activity through Google's account activity controls. Plaintiffs' claims are time-barred to the extent they are based on conduct occurring prior to the applicable limitations period. To the extent Plaintiffs seek to represent a class, the putative Class Period is inappropriate given applicable statutes of limitations, and any class must be limited to those individuals whose claims accrued within the applicable limitations period.

**Sixteenth Affirmative Defense**
**(Laches)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the doctrine of laches due to unreasonable delay and resulting prejudice. Plaintiffs were aware or should have been aware of the alleged use of tracking technologies on the Website well before filing suit, and their delay in asserting claims has prejudiced Reach's ability to defend this action.

**Seventeenth Affirmative Defense**
**(Waiver)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by waiver based on Plaintiffs' prior conduct and knowledge regarding the challenged practices. Plaintiffs knowingly and voluntarily visited the Website, accepted the Website's terms and conditions including its privacy policy, and/or continued to use the Website despite having

constructive or actual notice of the alleged tracking practices, thereby waiving any objection to such practices.

**Eighteenth Affirmative Defense**
**(Equitable Estoppel)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the doctrine of equitable estoppel. Plaintiffs' conduct, including their agreement to the Website's terms of service and privacy policy, their continued use of the Website, and/or their failure to take available steps to prevent tracking, induced Reach to reasonably believe that Plaintiffs did not object to the alleged tracking practices. Plaintiffs are now estopped from asserting claims based on conduct to which they impliedly consented.

**Nineteenth Affirmative Defense**
**(Failure to State a Claim)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because Plaintiffs lack evidence sufficient to state a claim upon which relief can be granted. Without limitation, Plaintiffs fail to adequately allege: (i) that Reach "wiretapped" or "intercepted" any communications within the meaning of CIPA; (ii) that any data transmitted to Google was personally identifiable or constituted "contents" of a communication; (iii) any actual injury cognizable at law; or (iv) any facts supporting class certification.

**Twentieth Affirmative Defense**
**(Unclean Hands)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**Twenty-First Affirmative Defense**
**(Unjust Enrichment)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the doctrine of unjust enrichment. The doctrine of unjust enrichment bars Plaintiffs' and putative

class members' right to relief to the extent they continued to use the Website services despite having notice regarding the information third parties allegedly received about them from their interactions. The doctrine of unjust enrichment also bars Plaintiffs' and putative class members' right to relief to the extent that they did not attempt to use settings that would limit the data shared with the Website and/or third parties.

**Twenty-Second Affirmative Defense**
**(Election of Remedies)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the doctrine of election of remedies because Plaintiffs seek inconsistent and conflicting relief that will more than make Plaintiffs and class members whole. To the extent Plaintiffs seek both statutory damages under CIPA and compensatory damages for common law claims, Plaintiffs must elect between these inconsistent remedies. Plaintiffs may not recover duplicative damages for the same alleged conduct.

**Twenty-Third Affirmative Defense**
**(Equitable Relief)**

Plaintiffs and putative class members cannot establish that legal damages are an inadequate remedy such that they are entitled to equitable relief.

Plaintiffs and putative class members are not entitled to monetary relief for any alleged common law, statutory, or Constitutional invasion of privacy.

**Twenty-Fourth Affirmative Defense**
**(No Entitlement to Interest or Fees)**

Plaintiffs and class members are not entitled to their requested amount, or rate, of pre- or post- judgment interest. Nor are they entitled to recover attorneys' fees or other costs and expenses.

**Twenty-Fifth Affirmative Defense**
**(Unconstitutional Request for Statutory and Punitive Damages)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited. That is because (1) any recovery of statutory or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (2) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

Any aggregation of statutory damages should be barred or should otherwise be limited. This is because imposition of massively aggregated statutory damages on the scale of what Plaintiffs and putative class members seek would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g.*, *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022).

**Twenty-Sixth Affirmative Defense**
**(Not Proper for Class Certification)**

This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Federal Rule of Civil Procedure 23. Specifically, Plaintiffs are not an adequate representative of any purported class; their claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest. By way of example only, Plaintiffs and putative class members cannot show that any information allegedly intercepted or disclosed relates specifically to them. Because more than one individual may have access to a single device or computer, mini-trials would be necessary to determine if the information allegedly collected related to each and every individual actually using

the computers and/or computer browsers at issue. Additionally, individualized inquiries are required to determine: (i) whether each putative class member had a Google account at the time they visited the Website and, if so, their account settings; (ii) whether each putative class member knew or had reason to know of the Website's use of tracking technologies; (iii) whether each putative class member's website activity reflected information, if any, about them rather to some other person; (iv) whether each putative class member inputted truthful information about themselves on the Website; (v) whether each putative class member visited the Website for reasons that are considered private under the law; (vi) whether prior or subsequent to visiting the Website each putative class member disclosed to any other third party (e.g., friends, financial institutions, in bankruptcy filings, on social media, etc.) any "private" information they claim the Website improperly shared with Google; (vii) the specific cookies, if any, that were transmitted during each visit; (viii) each class member's browser and device settings; (ix) whether each class member had cookie-blocking or ad-blocking software enabled; (x) each class member's subjective expectations and beliefs regarding privacy; (xi) whether each class member suffered any cognizable injury; and (xii) the circumstances of each class member's website visit, including the date, time, and manner of interaction with the Website, among other things.

If the Court certifies a class in this action, then Reach asserts the affirmative defenses set forth herein against each and every member of the certified class. Additionally, given the lack of discovery and aggregated nature of Plaintiffs' claims, it is not feasible for Reach to forecast potential affirmative defenses that might apply to any given absent class member at this time. Reach expressly reserves the right to assert additional affirmative defenses as the case progresses.

**Twenty-Seventh Affirmative Defense**
**(Indispensable Party)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, because Plaintiffs have failed to join necessary and indispensable parties to the action.

**Twenty-Eighth Affirmative Defense**
**(Preemption)**

Plaintiffs' and putative class members' claims are preempted, expressly or impliedly, in whole or in part, by any applicable federal laws and regulations.

**Twenty-Ninth Affirmative Defense**
**(Extraterritorial Application)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, to the extent the claims asserted require the improper extraterritorial application of state laws.

**Thirtieth Affirmative Defense**
**(Violation of First and Fourteenth Amendments)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the First and Fourteenth Amendments of the United States Constitution to the extent Reach's conduct amounts to protected speech.

**Thirty-First Affirmative Defense**
**(Dormant Commerce Clause)**

The claims and allegations in the Amended Complaint are barred, in whole or in part, by the Dormant Commerce Clause.

**Thirty-Second Affirmative Defense**
**(Authorized Conduct)**

Reach's conduct is authorized, in whole or in part, by California Business & Professions Code Section 22575 et seq. ("CalOPPA"), and any similar statutes, with which Reach complied by publishing its privacy policy.

**Thirty-Third Affirmative Defense**
(Impossibility/Impracticability)

The claims and allegations in the Amended Complaint are barred, in whole or in part, because if CIPA were construed to bar collection of IP addresses and other technical data necessary to facilitate modern website functionality, compliance would be impossible or impracticable.

**Thirty-Fourth Affirmative Defense**
(Rule of Lenity)

The provisions on which Plaintiffs base their CIPA claims are ambiguous. Because CIPA is a penal statute, the rule of lenity requires that any ambiguity be resolved in favor of Reach.

**Thirty-Fifth Affirmative Defense**
(Legitimate Competing Interests)

The claims and allegations in the Amended Complaint are barred, in whole or in part, because the use of tracking technologies on the Website is justified by legitimate competing interests, including, without limitation, website functionality, cybersecurity and fraud prevention, performance optimization, analytics for service improvement, and advertising revenue necessary to provide services to consumers.

**Thirty-Sixth Affirmative Defense**
**(Binding Arbitration)**

Reach reserves and asserts the right to compel arbitration and stay this action pursuant to the governing agreement if discovery reveals Plaintiffs or any putative class member consented and/or agreed to submit disputes to binding arbitration.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Reach reserves the right to allege additional defenses as they may become known, or as they evolve during the litigation, and to amend its Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Reach prays as follows:

1. That the Amended Complaint be dismissed with prejudice;

2. That Plaintiffs takes nothing by way of the Amended Complaint;

3. That Plaintiffs' prayer for relief is denied in full;

4. That judgment be entered in favor of Reach and against Plaintiffs;

5. For costs of suit incurred herein, including attorneys' fees and expenses; and

6. For such other and further relief as the Court deems just and proper.

DATED: May 29, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

BY: *_/s/ J. Matthew Thornton_*
Gregory P. Szewczyk (SBN 4795464)
J. Matthew Thornton (*pro hac vice*)
Alexia C. Chapman (*pro hac vice*)

*Attorneys for Defendant*

## VII. CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2026, I directed a true and correct copy of the foregoing to be served via the electronic filing system upon the following counsel of record:

Sonjay Singh
Siri & Glimstad LLP
C/O Sonjay Singh
745 Fifth Avenue
Suite 500
New York, NY 10151
646-829-1389
Email: ssingh@sirillp.com

Mason Adams Barney
Siri & Glimstad LLP
745 Fifth Avenue
Suite 500
New York, NY 10151
212-532-1091
Email: mbarney@sirillp.com

BY: *_/s/ Samantha Nash_*
Samantha Nash
*On behalf of Defendant, Reach Financial, LLC*